

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZUCCHINI MCCOY, )
 )
      Plaintiff, )
 )
v. ) No. 17 C 4511
 )
A-1 DIABETES & MEDICAL SUPPLY, )
INC., )
 )
      Defendant. )

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant A-1 Diabetes & Medical Supply, Inc.'s (Medical Supply) motion to dismiss and motion to strike. For the reasons stated below, the motion to dismiss is granted in part and denied in part, and the motion to strike is granted.

### BACKGROUND

Medical Supply allegedly sells diabetic testing supplies to consumers. Plaintiff Zucchini McCoy (McCoy) claims that in May 2017 she began receiving repeated solicitation calls from Medical Supply on her cellular phone. McCoy allegedly told Medical Supply's representative that she was not interested in their product and told them to remove her number from her call list. McCoy claims that

she continued to receive calls from Medical Supply and that, even after she called Medical Supply back again for a second time and reiterated her demands, she continued to receive solicitation phone calls from Medical Supply. McCoy claims that she has told Medical Supply on numerous occasions to stop calling her, but she keeps receiving calls. McCoy includes in her complaint a claim alleging a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (Count I), and a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (IFCA), 815 ILCS 505/1 *et seq.* (Count II). Medical Supply now moves to dismiss all claims and to strike the request for attorneys' fees and strike an affidavit filed with the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. TCPA Claim

Medical Supply argues that McCoy has not provided sufficient facts in her complaint to place them on notice of the TCPA claim. Medical Supply contends that McCoy has not alleged even a general time frame when she received calls. Medical Supply also argues that McCoy has not indicated when she may have consented to receive calls and when she revoked that consent. Contrary to Medical Supply's assertion, McCoy has provided Medical Supply with a general time-frame and the general nature of the contents of the calls. McCoy alleges that she received calls starting in May 2017 and continued to receive calls up until the filing of this action in June 2017. (Compl. Par. 21). McCoy has also indicated the cell phone number at

which she was contacted and the numbers used to call her. (Compl. Par. 9, 11). McCoy is not required to document every call or provide a transcript of the phone conversations to meet the federal pleading standard for a TCPA claim. McCoy also provides a general explanation as to her contact with Medical Supply and her statements to Medical Supply that she did not consent to receiving any further phone calls from Medical Supply. Medical Supply also questions McCoy's request for treble damages, but that is an argument relating to damages that delves beyond the pleadings and not appropriate at this juncture. McCoy has provided sufficient facts to state a valid TCPA claim. Therefore, the motion to dismiss the TCPA claim is denied.

II. Fraud Act Claim

Medical Supply argues that McCoy has failed to plead her ICFA claim with particularity. McCoy contends that Medical Supply engaged in "deceptive conduct" and made misrepresentations to her when contacting McCoy and that she has pled her ICFA claim with particularity. (Resp. 13-15). A plaintiff bringing an ICFA claim alleging deceptive conduct must plead the claim with particularity in accordance with Federal Rule of Civil Procedure 9(b) (Rule 9(b)) and "allege the who, what, where, and when of the alleged fraud . . . . *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014)(explaining that "[w]hile [the Court] allow[s] [the plaintiff] some flexibility in the factual support required for his

claim, a plaintiff alleging fraud does not have unlimited leeway in satisfying the particularity requirement of Rule 9(b) when the circumstances are pleaded solely on information and belief")(internal quotations omitted).

In the instant action, while McCoy's general allegations as to the time-frame that she received phone calls from Medical Supply are sufficient for a TCPA claim, such general allegations are not sufficient to meet the stringent requirements of Rule 9(b). McCoy indicates vaguely that Medical Supply called her "at least 20 times since she demanded that it stop calling her." (Compl. Par. 23). There is no date provided for even one phone call or any clear indication whether McCoy received 20 or 100 phone calls from Medical Supply. Nor is it clear how many calls McCoy received before she told Medical Supply not to call her again. McCoy alleges in her complaint that Medical Supply called her "regularly," but that vague description fails to provide adequate detail to meet the requirements of Rule 9(b). (Compl. Par. 18). McCoy also argues that Medical Supply used multiple phone numbers to call McCoy and trick her into answering the phone. However, that explanation of the deceptive conduct is not included in the complaint. Nor is there an explanation in the complaint as to how McCoy relied upon such deceptive conduct. McCoy also fails to provide details concerning the alleged misrepresentations to her or the approximate date(s) of such alleged misrepresentations. McCoy has thus failed to plead her ICFA claim with particularity. Based on the above, Medical Supply's motion to dismiss the ICFA claim is granted.

III. Motion to Strike

Medical Supply moves to strike McCoy's request for attorneys' fees under the TCPA. McCoy acknowledges that she cannot recover attorneys' fees under the TCPA. (Resp. 6). Therefore, to the extent that McCoy seeks such fees under the TCPA, the motion to strike is granted. Medical Supply also moves to strike McCoy's affidavit that she attached to her complaint. McCoy has not provided any legitimate reason for filing such an evidentiary affidavit at the pleadings stage along with her complaint. Therefore, Medical Supply's motion to strike is granted.

## CONCLUSION

Based on the foregoing analysis, Medial Supply's motion to dismiss is granted in part and denied in part, and Medical Supply's motion to strike is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 14, 2017